# EXHIBIT B

**(Feb. 18, 2011 Hearing Transcript Excerpt)**

```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re:                                    Case No. 10-15973-scc
                                          New York, New York
    AMBAC FINANCIAL GROUP, INC.           February 18, 2011
                              Debtor.     10:08 a.m.
------------------------------------------------------------------

              TRANSCRIPT OF CHAP 11 HEARING RE
    DOC #149 MOTION TO EXTEND TIME/DEBTOR'S MOTION PURSUANT TO
       SECTION 365(D)(4) OF THE BANKRUPTCY CODE FOR AN ORDER
    EXTENDING THE TIME WITHIN WHICH THE DEBTOR MUST ASSUME OR
       REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY;
          DOC #150 APPLICATION TO EMPLOY WACHTELL, LIPTON,
              ROSEN & KATZ AS SPECIAL LITIGATION COUNSEL
         TO THE DEBTOR, NUNC PRO TUNC TO THE COMMENCEMENT DATE;
       DOC#151 MOTION TO EXTEND EXCLUSIVITY PERIOD FOR FILING A
      CHAPTER 11 PLAN AND DISCLOSURE STATEMENT/DEBTOR'S MOTION
     PURSUANT TO SECTION 1121(D) OF THE BANKRUPTCY CODE FOR AN
     ORDER EXTENDING ITS EXCLUSIVE PERIODS TO FILE A CHAPTER 11
                PLAN AND SOLICIT ACCEPTANCES THEREOF;
    DOC# 164 OBJECTION/OBJECTION TO DEBTORS MOTION PURSUANT TO
        SECTION 1121(D) OF THE BANKRUPTCY CODE FOR AN ORDER
       EXTENDING ITS EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN
      AND SOLICIT ACCEPTANCES THEREOF (RELATED DOCUMENT 151);
    DOC# 169 RESPONSE/DEBTORS REPLY TO COMMITTEES' OBJECTION TO
        DEBTOR'S MOTION PURSUANT TO SECTION 1121(D) OF THE
       BANKRUPTCY CODE FOR ORDER EXTENDING EXCLUSIVE PERIODS
           TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES
                   THEREOF (RELATED DOCUMENT 164);
       ADVERSARY PROCEEDING: 10-04210-SCC AMBAC FINANCIAL
                GROUP, INC. V. UNITED STATES OF AMERICA;
     DOC# 23 MOTION TO AUTHORIZE/DEBTORS MOTION FOR PRETRIAL
           CONFERENCE AND PURSUANT TO SECTION 105(A) OF THE
    BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AUTHORIZATION TO
    IMPLEMENT ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ADVERSARY
                PROCEEDING: 10-04210-SCC AMBAC FINANCIAL
                GROUP, INC. V. UNITED STATES OF AMERICA;
      DOC# 29 MOTION FOR TEMPORARY RESTRAINING ORDER/MOTION TO
    ENFORCE TEMPORARY RESTRAINING ORDER PURSUANT TO SECTIONS 105
            AND 362(A) OF THE BANKRUPTCY CODE AND RULE 7065
                         OF THE BANKRUPTCY RULES;
         ADVERSARY PROCEEDING: 10-04210-SCC AMBAC FINANCIAL
                GROUP, INC. V. UNITED STATES OF AMERICA;
   DOC# 30 DECLARATION OF LAWRENCE M. HILL (RELATED DOCUMENT 29).
               BEFORE THE HONORABLE SHELLEY C. CHAPMAN
                    UNITED STATES BANKRUPTCY JUDGE
```

1  testimony that even assuming there is no consensual deal, if the
2  Debtor nevertheless emerges by October 31, 2011, the Debtor
3  would still have approximately nineteen million dollars of cash
4  on hand.
5         Mr. Feuerabendt also pointed to various sources of
6  additional liquidity that while not certain, may become
7  available to the Debtor.  Accordingly, the Debtor has
8  demonstrated that it has ample liquidity to support the plan
9  process for at least the next six months.
10        Courts have also held that creditor dissatisfaction
11 does not constitute cause to terminate a Debtor's exclusive
12 periods.  The committee has made no secret of its
13 dissatisfaction with the Debtor's desire to secure the support
14 of certain major constituencies in this case; the committee, the
15 IRS and OCI, before filing a plan.  The committee seemingly
16 ignores the Debtor's position that the committee's proposed plan
17 term sheet which does not have the support of OCI or the IRS
18 contains serious execution risk and could result in years of
19 protracted litigation with OCI and the IRS.
20        The Court finds that the Debtor is neither seeking an
21 extension of its exclusive periods, nor refusing to file the
22 plan proposed by the committee's term sheet in order to pressure
23 its creditors to accede to its reorganization demands.  Instead,
24 the Debtor has demonstrated that it is attempting to secure the
25 support of major constituents before proceeding forward with a

1  plan of reorganization.
2          Given that the Debtor has determined in the exercise
3  of its business judgment that the term sheet proposed by the
4  committee sets forth the terms of a plan which is unconformable,
5  the Court notes that it would constitute a breach of the
6  Debtor's fiduciary duty to pursue such a plan.  As Chief Judge
7  Gonzalez stated in *Chrysler*, "To suggest that the Debtors should
8  have pursued proposals that could not have been consummated is
9  to suggest that the Debtors should have breached their fiduciary
10 duty."  *In Re: Chrysler, LLC* 405 BR 84 at 105.
11         Moreover, the committee repeatedly suggests that the
12 existence of disabling conflicts between the management of AAC
13 and the Debtor warrants the appointment of a Chapter 11 trustee
14 for the Debtor, although the committee has declined to seek the
15 appointment of one, the Court finds that there is no basis in
16 the record for it to include that disabling conflicts exist
17 which mandate termination of the Debtor's exclusive periods.
18         Notwithstanding this finding, the Court also notes
19 that the Debtor and AAC have taken measures as described in the
20 Debtor's reply and in Mr. Wallace's testimony, to establish
21 extra layers of protection to avoid even the perception of a
22 possible conflict.
23         While the Court finds that cause exists to grant an
24 extension of the Debtor's exclusive periods, I decline to grant
25 the full 180 day extension requested by the Debtor.  Instead,

1  the Court will extend the Debtor's exclusive periods by 120
2  days.  The Court wishes to keep the parties motivated, to work
3  expeditiously on a resolution of all issues which will hopefully
4  lead to a consensual and viable plan of reorganization.
5           In connection with other relief granted by the Court
6  at today's hearing, the Court also strongly urges the Debtor and
7  the IRS to use this period to take advantage of mediation which
8  may avoid costly and protracted litigation.  Notwithstanding
9  the rancor that was exhibited during today's hearing, the Court
10 is confident that the parties will refrain from engaging in
11 counterproductive litigation and attempt to work together to
12 continue to explore every alternative available to maximize
13 value for the benefit of the Debtor's estate.
14          As a procedural matter, you can submit an order, Mr.
15 Bienenstock and you can -- we can give you this script to attach
16 or you can file the transcript.  I don't have a strong view.  I
17 would note though that it is after hours here at the Court and I
18 don't think we have the means to file an order tonight and
19 Monday's a court holiday and the rest of next week is my
20 holiday, so --
21          MR. BIENENSTOCK:  There's no emergency because the
22 period's don't --
23          THE COURT:  Okay.
24          MR. BIENENSTOCK:  So if it's okay with the Court,
25 we'll submit it next week.